# UNITED STATES DISTRICT COURT

### DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number:  04-cr-00463-MSK-24 |
| | USM Number:  33321-013 |
| TRACIE LOCKHART<br>a/k/a Tracey Richardson | Vincent J. Horn, Jr., Appointed<br>(Defendant's Attorney) |

**THE DEFENDANT:**  Pleaded guilty to count 58 of the Second Superseding Indictment.

The defendant is adjudicated guilty of this offense:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 1001(a)(3) and 2 | Using False Document Containing Materially False Entries Within Jurisdiction of Executive Branch of the United States Government and Aiding and Abetting | 11/09/00 | 58 |

     The defendant is sentenced as provided in pages 2 through 7 of this judgment in accordance with the findings and conclusions made in open court, a transcript of which is attached hereto and incorporated herein by this reference.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

     It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

     It is further ordered that the Addendum to this judgment, which contains the defendant's social security number, residence address and mailing address, shall be withheld from the court file and retained by the United States Probation Department.

February 13, 2006
Date of Imposition of Judgment

s/Marcia Krieger
Signature of Judge

Marcia S. Krieger, U.S. District Judge
Name & Title of Judge

February 16, 2006
Date

DEFENDANT:  TRACIE LOCKHART
CASE NUMBER:  04-cr-00463-MSK-24                                              Judgment-Page 2 of 7

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of fifteen (15) months.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By_____
Deputy United States Marshal

DEFENDANT:  TRACIE LOCKHART
CASE NUMBER:  04-cr-00463-MSK-24                                                                  Judgment-Page 3 of 7

## SUPERVISED RELEASE

      Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years.

      The defendant must report to the probation office in the district to which she is released within 72 hours of her release from the custody of the Bureau of Prisons.

      The defendant shall not commit another federal, state or local crime.

      The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The drug testing condition required by 18 U.S.C.
§ 3583(d) is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

      The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

      The defendant shall cooperate in the collection of  DNA as directed by the probation officer.

      If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

DEFENDANT: TRACIE LOCKHART
CASE NUMBER: 04-cr-00463-MSK-24                                                                 Judgment-Page 4 of 7

9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
14) The defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1) The defendant will not incur any new credit charges or open any additional lines of credit without the approval of the probation officer, and that approval will not be given unless she is in compliance with the periodic payment obligations imposed according to the schedule.
2) The defendant shall work with the probation officer in development of a monthly budget that shall be reviewed with the probation officer quarterly.
3) The defendant shall make payment on the restitution obligation that remains unpaid at the commencement of supervised release. Within 60 days of release from confinement, the defendant shall meet with the probation officer to develop a plan for the repayment of restitution. This plan will be based upon the defendant's income and expenses. The plan will be forwarded to the court for review and approval.

DEFENDANT:  TRACIE LOCKHART
CASE NUMBER:  04-cr-00463-MSK-24                                                          Judgment-Page 5 of 7

## MONETARY OBLIGATIONS

The defendant must pay total monetary obligations under the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 58 | $100.00 | $0.00 | $57,244.46 |
| **TOTALS** | $100.00 | $0.00 | $57,244.46 |

The defendant must make restitution to be paid from the registry of the court to the payee(s) listed below.  If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | * Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Department of Housing and Urban Development<br>Attn.:  Director REO Division<br>1670 Broadway, UMB Plaza<br>Denver, Colorado 80202 | $57,244.46 | $57,244.46 | |
| **TOTALS** | $57,244.46 | $57,244.46 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT:  TRACIE LOCKHART
CASE NUMBER:  04-cr-00463-MSK-24                                                        Judgment-Page 6 of 7

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations is due as follows:

The special assessment is due and payable immediately.  The balance of the monetary obligations shall be paid on a schedule to be developed by the defendant and probation officer within 60 days of the defendant's release from confinement.

Disbursement of restitution payments shall be deferred until the balance of the Court registry account totals at least $1,000.  The Court has determined that the defendant does not have the ability to pay interest, and it is ordered that the interest requirement is waived for the restitution.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order:  (1) special assessment, (2) restitution principal.

DEFENDANT:  TRACIE LOCKHART
CASE NUMBER:  04-cr-00463-MSK-24                                              Judgment-Page 7 of 7

## STATEMENT OF REASONS

**The court adopts the presentence report and advisory applications without change.**

Pursuant to the United States Supreme Court ruling in the *United States v. Booker* and *United States v. Fanfan*, the United States Sentencing Commission Guidelines have become advisory.  The Court, while not bound to apply the Guidelines, has consulted the advisory guidelines and taken them into account with the sentencing factors identified at 18 U.S.C. § 3553(a).

**ADVISORY GUIDELINE RANGE DETERMINED BY THE COURT (BEFORE DEPARTURES):**

Total Offense Level:  12

Criminal History Category:  III

Imprisonment Range:  15 to 21 months

Supervised Release Term:  2 to 3 years

Fine Range:        $3,000   to   $30,000

The fine is waived because of the defendant's inability to pay.

**The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart.**

**RESTITUTION DETERMINATIONS**

Total Amount of Restitution:  $57,244.46